**In re US OFFICE PRODUCTS COMPANY, et al.,**
Debtors.

**USOP Liquidating LLC, Plaintiff,**

v.

**Service Supply, Ltd., Inc., Defendant.**

Bankruptcy No. 01–646.
Adversary No. 03–50511.

United States Bankruptcy Court,
D. Delaware.

Sept. 28, 2004.

**38**

Brendan Linehan Shannon, Edward J. Kosmowski, Maribeth L. Minella, Matthew Barry Lunn, Shawn Matthew Beach, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Jonathan L. Parshall, Murphy, Spadaro & Landon, Wilmington, DE, Kevin Michael Profit, Hamilton, Gaskins, Gay & Moon, PLLC, Charlotte, NC, for Debtor.

Richard H. Cross, Jr., Cross & Simon, LLC, Wilmington, DE, Sean T. Greecher, Shawn Matthew Beach, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Plaintiff.

James F. Harker, Herlily, Harker & Kavanaugh, Wilmington, DE, for Defendant.

Don Beskrone, Wilmington, DE, U.S. Trustee.

Jeremy W. Ryan, Tara L. Lattomus, Saul Ewing, LLP, Wilmington, DE, John J. Rapisardi, New York City, Mark Minuti, Wilmington, DE, for Official Committee of Unsecured Creditors.

Bruce E. Jameson, Prickett, Jones & Elliott, Wilmington, DE, for Kathryn F. Campbell.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

The matter before the court is the motion for summary judgment filed on behalf of USOP Liquidating LLC (hereafter "USOP LLC") against Service Supply Ltd., Inc. (hereafter "Service Supply"). This voluntary chapter 11 was filed on March 5, 2001. USOP LLC is a special purpose entity established under the plan of reorganization which was confirmed on or about December 13, 2001. USOP LLC was formed to liquidate Debtors' remaining assets, pursue causes of action, and wind up Debtors' affairs. Pursuant to section 8.5 of the plan, all Debtors' remaining assets and rights, including causes of action, were transferred to USOP LLC.

The complaint herein was filed on January 29, 2003, alleging a preferential transfer from Debtors to Service Supply. The complaint alleges that within the 90 days prepetition and while Debtors were insolvent Service Supply received payment from Debtors in the amount of $70,000. The complaint alleges all elements of a preferential transfer stated in 11 U.S.C. § 547. The parties agree that the only dispute is whether the payment was an "ordinary course" transfer within the meaning of 11 U.S.C. § 547(c)(2) and therefore not subject to avoidance. This section provides that:

(c) The trustee may not avoid under this section a transfer . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

---

1. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. The court's jurisdiction was not at issue.

(C) made according to ordinary business terms.

USOP LLC argues only that the payment was not made in the ordinary course of business under § 547(c)(2)(B). The facts are as follows.

On or about May 12, 2000, Service Supply received a purchase order from Debtor U.S. Office Products Co. (hereafter "USOP") for telescoping bleachers. Between that time and August 24, 2000, Service Supply installed bleachers and on August 24, 2000, mailed an invoice to USOP requiring payment within 20 days of the invoice. At some time between August 24, 2000, and November 11, 2000, USOP refused to pay[2] on the basis that further work was required to complete installation of the bleachers. *See* Affidavit of Ben Groves, Secretary and Treasurer of Service Supply, Exhibit A to Defendant's Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment, Dkt. No. 16 (hereafter "Groves Affidavit"). Although no payment terms were discussed, Service Supply agreed to perform what it terms "modifications" to the bleachers and assumed that payment would be made within 20 days of completion of the installation, inasmuch as USOP refused to pay until then. *Id.* at ¶ 7. On or about December 14, 2000, Service Supply contacted a USOP representative who agreed that the installation had finally been completed. *Id.* at ¶ 9. No other facts are provided in the record regarding what occurred between the parties in the relevant time frame. However, no new invoice was issued. Rather, on December 20, 2000, six days after the work was completed, based on the invoice mailed on August 24, 2000, USOP LLC issued a check to Service Supply in the amount of $70,000 in payment for the bleachers. The check cleared the bank on December 27. *See* Exhibit A to Plaintiff's Opening Brief in Support of its Motion for Summary Judgment, Dkt. No. 13. There is no question that the payment was made within the 90 days prepetition. The only question is whether the transfer is excepted from avoidance under § 547(c)(2)(B).

It is not disputed that there were no dealings between the parties either before or after the transaction at issue. Both parties cite *Kleven v. Household Bank F.S.B.*, 334 F.3d 638 (7th Cir.), *cert. denied* —— U.S. ——, 124 S.Ct. 924, 157 L.Ed.2d 743 (2003). In *Kleven*, the court concluded that

> [a]lthough a history of dealing between parties is certainly the strongest factor supporting a determination that the business between a debtor and an alleged preference creditor is ordinary, we do not believe it is absolutely necessary in every case. In some instances, . . ., the ordinary course of business may be established by the terms of the parties' Agreement, until that Agreement is somehow or other modified by actual performance.

334 F.3d at 642–43.

Payments that are late according to the terms of the parties' contract are "presumptively nonordinary", *In re Xonics Imaging, Inc.*, 837 F.2d 763, 767 (7th Cir. 1988), and are treated otherwise only upon a showing that late payments were the normal course of business between the parties. *See In re CM Holdings, Inc.*, 264 B.R. 141, 154 (Bankr.D.Del.2000). *See also In re Fred Hawes Organization, Inc.*, 957 F.2d 239, 244 (6th Cir.1992)(rehearing denied). In *In re Big Wheel Holding Co.*,

---

2. The date of this refusal is uncertain. *See* Affidavit of Ben Groves, Secretary and treasurer of Service Supply, Exhibit A to Defendant's Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment, Dkt. No. 16, at ¶ 7.

*Inc.*, 223 B.R. 669, 674 (Bankr.D.Del.1998), the court concluded that "lateness of payment does not preclude a finding that the payment was made in the ordinary course, and indeed a pattern of late payments can establish an ordinary course between the parties". The instant case, however, involved only a single transaction between the parties.

■ The only case we have been able to find directly addressing single transactions in the context of § 547(c)(2)(B) is *In re Winters*, 182 B.R. 26 (Bankr.E.D.Ky.1995). In *Winters*, the court agreed with the Court of Appeals for the Sixth Circuit that § 547(c)(2) was intended to "protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee". 182 B.R. at 29, citing *In re Fulghum Const. Corp.*, 872 F.2d 739 (6th Cir.1989); *In re Energy Co-op., Inc.*, 832 F.2d 997, 1004 (7th Cir.1987). Nonetheless, we agree with the concept that a late payment in the context of a single transaction between parties may fall within the ordinary course provision of § 547(c)(2)(B). The question is whether it does in this case.

■ USOP LLC argues that a late payment that is a gross departure from the express terms of the contract cannot have been made in the "ordinary course" and that the terms of the contract are controlling in a single transaction situation. Service Supply contends that the Agreement was modified when USOP refused to pay the invoice until Service Supply completed

installation to USOP's satisfaction. As a general proposition, the parties' Agreement controls and in order to grant summary judgment we must find that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Quinn v. Omnicare, Inc.*, 382 F.3d 432, 436–37 (3d Cir.2004),

From the record before us, it is undisputed that the only reason the invoice was not paid by the due date stated thereon (September 13, 2000) was Debtors' refusal to pay until the work was finished. Completion of performance under the contract occurred on or about December 14 and the check was issued in payment six days later.[3] Payment of the invoice occurred promptly after the work was concluded and the check cleared the bank one week thereafter. To the extent payment was not due until full performance by Service Supply, the invoice date is not controlling. The work was finished during the preference period. The payment was made in the preference period. Thus, whether Service Supply billed for its services too early (i.e., before completion) or whether the arrangement between the parties was altered or modified[4] when Debtors required "additional" performance by Service Supply before Debtors would pay the invoice, this arrangement was "ordinary" within the meaning of § 547(c)(2)(B). The invoice was paid within 20 days of completion of the work rather than within 20 days of the invoice date. We find that the transfer did not violate the spirit, intent or letter of

---

**3.** The parties disagree as to whether Debtors' payment relationships with third parties are relevant to whether or not the instant transaction constitutes "ordinary course" for the Debtors and Service Supply. Based on our resolution of the dispute between USOP LLC and Service Supply, we do not decide this issue.

**4.** *See Expeditors Intern. of Wash., Inc. v. Crowley Amer. Transp., Inc.*, 117 F.Supp.2d 663, 668 (S.D.Ohio 2000)(basic principle of contract law is that modification "requires the same elements of mutual assent and consideration that are necessary for the formation of contracts").

§ 547. Summary judgment will be entered for Service Supply.

An appropriate order will be entered.

**JUDGMENT ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT AND DISMISSING COMPLAINT**

**AND NOW,** this 28th day of September, 2004, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that summary judgment is granted in favor of Defendant Service Supply, Ltd., Inc., and against Plaintiff, USOP Liquidating LLC.

It is **FURTHER ORDERED** that the Complaint is **DISMISSED.**

It is **FURTHER ORDERED** that the Clerk shall close this Adversary.